IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS BAKER<br>2087 Dorwood Drive<br>Dover, PA 17315<br><br>　　　　Plaintiff,<br>　v.<br><br>PPL Corporation<br>Two North Ninth Street<br>Allentown, PA 18101<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. _____ |

## CIVIL ACTION COMPLAINT

Plaintiff Douglas Baker (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby avers as follows:

### I.　　Introduction

1. Plaintiff has initiated the instant action to redress violations by Defendant PPL Corporation (formerly Pennsylvania Power and Light, or "PP&L", and hereinafter referred to as "Defendant") of the Americans with Disabilities Act and other applicable federal and state law.

### II.　　Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual and citizen of the United States with an address as set forth above.

4. Defendant is a Pennsylvania corporation with an address as captioned above.

5. Defendant is an energy company headquartered in Allentown, Pennsylvania.

6. Defendant controls over 11,000 megawatts of electrical generating capacity in the United States (mainly in Pennsylvania and Montana) and regularly provides electricity to over 4 million customers.

7. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

8. Defendant is an "employer" within the meaning of the Americans with Disabilities Act because it is engaged in an industry affecting commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

### III. Jurisdiction and Venue

10. The averments of the foregoing paragraphs are incorporated herein as if the same were set forth in full.

11. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

12. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

13. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

14. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### IV. Procedural and Administrative Requirements

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Americans with Disabilities Act and the Pennsylvania Human Relations Act as follows:

   a. Plaintiff filed one or more timely written charges of discrimination against Defendant with the Equal Employment Opportunity Commission;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge(s) on or about December 19th, 2008;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff also cross-filed the aforementioned charge(s) of discrimination with the Pennsylvania Human Relations Commission and has waited in excess of one year before filing the instant Complaint;

   e. Plaintiff has exhausted the required federal administrative remedies as to the allegations of this Complaint;

   f. Plaintiff has exhausted the required state administrative remedies as to the allegations of this Complaint.

### V. Factual Background

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. Plaintiff has been an employee of Defendant for over twenty (20) years and remains employed with Defendant.

19. Plaintiff is qualified as a plant equipment operator and is also a licensed electrician.

20. In or about 1999, Plaintiff sustained a back injury from which he recovered.

21. In or about 2002, Plaintiff sustained a second back injury which required him to miss time from work.

22. After Plaintiff returned to work, and continuing to the present time, he has suffered discrimination on the basis of his disability (a serious back injury) and because he requested a reasonable accommodation for his disability.

23. After he returned to work, Plaintiff was permitted by his physician to work on hard surfaces for only 33% of the time and was not permitted by his physician to wear steel-tipped shoes.

24. Shortly after he returned to work, Plaintiff was given a temporary position driving an individual to certain sites but, when he was not driving, was given the menial task of doing laundry.

25. Laundry became Plaintiff's main (and only) task after his driving job (which lasted a only few months) finished.

26. Plaintiff was also denied overtime for the aforesaid driving position.

27. Plaintiff was deliberately assigned the aforesaid laundry job to humiliate him as a result of his disability and his request for a reasonable accommodation.

28. After he made a request for accommodation, Plaintiff was advised by Defendant's human resources department that he would never be given any overtime as long as he worked for Defendant, despite the fact that overtime is generally available in most positions to employees who desire it.

29. Defendant's failure to permit Plaintiff to work overtime has resulted in a significant detrimental effect on his pension and his overall compensation.

30. In addition to being forced to work in the laundry, Plaintiff has been refused jobs for which he has applied and for which he was the most qualified applicant.

31. In particular, two (2) plant control operator positions for which Plaintiff was available and for which he was more qualified than the two individuals selected as trainees for those positions (Mary McQuait and Bob Minnich) were denied to Plaintiff.

32. Either of the foregoing plant operator positions would have resulted in a significant increase in Plaintiff's wages.

33. Plaintiff was not even called by Defendant to interview for the foregoing positions, despite the fact that he informed Defendant he was available to take either position.

34. Plaintiff also expressed his willingness to accept an open teaching position (training employees on the use of plant equipment) for which he was qualified, but Plaintiff was not even interviewed for this position.

35. Plaintiff is presently employed in a filing position that makes no use of his extensive skills as aforesaid.

36. Plaintiff has also not been evaluated for the last five years, in violation of Defendant's own policies.

## COUNT ONE
## AMERICANS WITH DISABILITIES ACT

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff is "disabled" as that term is defined in the ADA because Plaintiff has, or had at all times relevant hereto, a physical impairment that substantially limited/limits one or more major life activities as aforesaid, or because Plaintiff had a record of such impairment.

39. Plaintiff is also "disabled" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived as having a physical impairment that substantially limited/limits one or more major life activities as aforesaid.

40. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was able to perform all of the essential functions of his job with a reasonable accommodation.

41. The foregoing conduct by Defendant, including but not limited to failing to accommodate Plaintiff's disability; denying Plaintiff jobs for which he applied as a result of his disability or request for accommodation; denying Plaintiff overtime because of his disability or request for accommodation; and assigning Plaintiff to humiliating jobs that are far beneath his skill set as a result of his disability or request for accommodation, violates the Americans with Disabilities Act.

42. As a result of the foregoing unlawful conduct, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## COUNT TWO
## PENNSYLVANIA HUMAN RELATIONS ACT

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. The foregoing actions of Defendant also constitute unlawful discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq.*

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from engaging in discrimination against Plaintiff or retaliating against Plaintiff on any basis forbidden by the Americans with Disabilities Act or other applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against or retaliating against employees who are disabled and/or who seek a reasonable accommodation, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in 42 U.S.C. § 1981a, as mandated by the decision of the Third Circuit Court of Appeals in *Gagliardo v. Connaught Laboratories,* 311 F.3d 565, 570-71 (3d Cir. 2002);

i. Plaintiff be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in unlawful retaliation against Plaintiff or other witnesses to this action;

j. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

        Respectfully submitted,

        TIMOTHY M. KOLMAN & ASSOCIATES

BY:   /s/ Wayne A. Ely, Esquire
       Wayne A. Ely, Esquire
       Rufus Jennings, Esquire
       Attorneys for Plaintiffs
       225 N. Flowers Mill Road
       Langhorne, PA 19047
       (215) 750-3134

March 6, 2009