# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS BAKER, | : | Civil Action No. 1:09-CV-428 |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PPL CORPORATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This employment dispute presents what seems, at first blush, to be a straightforward question of statutory interpretation: Does the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (hereafter "ADA"), provide for the recovery of compensatory and punitive damages from an employer on claims that the employer retaliated against an employee who sought reasonable accommodations for his disabilities under this federal law?

In fact, the answer to this seemingly simple question leads to a legal labyrinth, a riddle that more than a dozen federal courts have attempted to address, construing and endeavoring to reconcile a series of opaque legislative enactments passed by Congress in a piecemeal fashion over the span of more than ten years. The answers

1

which the courts have reached in addressing this issue answer the question of whether the ADA provides for the recovery of compensatory and punitive damages from an employer on claims that the employer retaliated against an employee who sought reasonable accommodations for his disabilities in competing, contradictory and irreconcilable fashions.

Having carefully considered these competing viewpoints, we recommend that this Court solve this legal riddle in the following fashion: While those courts which have found that the ADA provides for the recovery of compensatory and punitive damages from an employer make a powerful case that Congress should provide for such a remedy, a fair reading of the statutes compels the conclusion that Congress has not, in fact, authorized such sanctions in ADA anti-retaliation claims. Therefore, it is recommended that the motion to dismiss be granted.

## II. STATEMENT OF FACTS AND OF THE CASE

According to the plaintiff's complaint, the pertinent facts are as follows: The plaintiff, Douglas Baker, was an electrician and plant equipment operator who has been employed by PPL, an energy company headquartered in Pennsylvania. (Doc. 1.) In 1999, and again in 2002, Baker suffered back injuries, injuries which left him partially disabled. (Id. ¶¶ 20-22.) As a result of these back injuries Baker was limited

by his physician from wearing steel-toed shoes, and working standing on hard surfaces. (Id. ¶ 23.)

When Baker returned to work, he allegedly sought reasonable accommodations from PPL recognizing these disabilities. (Id.) According to the plaintiff, PPL responded to this request by discriminating against Baker, and then retaliating against him for seeking such accommodations, in a variety of fashions. Baker's complaint alleges that these acts of discrimination and retaliation included denial of overtime opportunities, and reassignment to the menial task of doing laundry. (Id. ¶¶24-27). Baker also claims that, after he made his reasonable accommodation request, the plaintiff was informed that he would never be given overtime by his employer. (Id. ¶ 28.) Baker further contends that he has been denied consideration for other jobs, even though he is the most qualified candidate for those jobs. (Id. ¶¶29-35.)

Baker's complaint alleges that these alleged acts by his employer, PPL, violate both the ADA., and the Pennsylvania Human Relations Act, 43, Pa.C.S. § 951 et seq. With respect to his claims under the ADA, Baker brings two separate causes of action, claiming that PPL's actions both constituted: (1) discrimination prohibited under federal law, and (2) acts of retaliation against the plaintiff because of his assertion of rights guaranteed to him by law. As remedies for these alleged acts of

employment discrimination and retaliation, Baker seeks wide-ranging injunctive relief, along with compensatory and punitive damages.

PPL has responded to these allegations by filing a motion to dismiss or strike, in part, the plaintiff's complaint. (Doc. 9). In this motion, PPL challenges Baker's claim that he is entitled to seek compensatory and punitive damages under a retaliation claim brought pursuant to the ADA.[1] According to PPL, Congress simply has not authorized the recovery of compensatory and punitive damages for plaintiffs bringing claims under the anti-retaliation provisions of the ADA.

This question has been fully briefed by the parties, (Docs. 10 and 14), and the parties have been permitted the opportunity to supplement their briefs in December 2009. (Doc. 22.) Therefore, this motion is ripe for resolution. For the reasons set forth below, it is recommended that PPL's motion be granted, and that the plaintiff's ADA anti-retaliation claims for compensatory and punitive damages be dismissed.

---

[1] It appears that the defendant does not contest that compensatory and punitive damages may be available to the plaintiff on an ADA discrimination claim premised upon a failure to offer reasonable accommodations to a disabled employee. Since it appears that such relief is available under the discrimination provisions of the ADA, see Report and Recommendation at pages 10-12, our recommendations relate solely to the remedies available under the anti-retaliation provisions of the ADA.

## III. DISCUSSION

### A. Rule 12(b)(6), Standard of Review

In this case, the Court must assess whether the ADA anti-retaliation claims for compensatory and punitive damages set forth in the complaint fail to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light

5

most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In this case, PPL's motion to dismiss Baker's requests for compensatory and punitive damages as remedies under his ADA anti-retaliation claim raises an

7

essentially legal question which is amenable to resolution on a motion to dismiss. Specifically, in this motion PPL invites the Court to find, as a question of statutory interpretation, that the Americans with Disabilities Act, (ADA) 42 U.S.C. § 12101 et seq., does not provide for the recovery of compensatory and punitive damages from an employer on claims that the employer retaliated against an employee who sought reasonable accommodations for his disabilities.

> **B. The Anti-Retaliation Provisions of the Americans with Disabilities Act Do Not Permit Recovery of Compensatory or Punitive Damages**.

Consideration of the questions of statutory construction presented in this case calls to mind the quote attributed to the German Chancellor, Otto Von Bismarck: "Laws are like sausages, it is better not to see them being made." The legislative process by which Congress has defined remedies for retaliation against those asserting rights under the ADA presents a striking illustration of the ambiguities which can creep into piecemeal legislation, particularly when that legislation is marked by incremental indirection spanning many years.

The Americans with Disabilities Act begins with a straightforward prohibition on retaliation by employers against employees seeking reasonable accommodation of their disabilities, stating that:

> (a) Retaliation
>
> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C..§ 12203(a)

From this initial clarity, however, confusion then ensues regarding the remedies that are available to those who claim that they have been the victims of retaliation. While § 12203(a) forbids retaliation, it contains no penalty provisions, defining the remedies available to those who wish to bring anti-retaliation claims under the ADA. Instead, one must look to 42 U.S.C. § 12203(c) to commence searching for available remedies under the Act relating to retaliation claims. Section 12203(c), however, only begins the legislative journey to find an answer to this question, simply stating that: "The remedies and procedures available under sections 12117, 12133, and 12188 of [Title 42] shall be available to aggrieved persons for violations of subsections (a) and (b) of this section...." 42 U.S.C. § 12203(c).

Section 12117 of Title 42, United States Code, the penalty provision cited in § 12203( c), in turn, provides that: "The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of [title 42] shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the

Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment." 42 U.S.C.A. § 12117(a). Thus, the legislative journey for remedies under the anti-retaliation provisions of the ADA that began with § 12203, and continued to § 12117, now forays onward to other remedial statutes, including 42 U.S.C. § 2000e-5.

For its part, § 2000e-5 provides that a court may order equitable relief for an aggrieved party, in the form of injunctive relief and back-pay, but does not authorize compensatory or punitive damages. 42 U.S.C. § 2000e-5(g)(1) Similarly, nothing in the statutory text of 42 U.S.C. §§ 2000e-4, 2000e-6, 2000e-8, and 2000e-9 provides for the award of compensatory or punitive damages in anti-retaliation cases brought under the ADA.

While the journey through this initial legislative labyrinth did not lead to any compensatory or punitive damage remedies for those bringing anti-retaliation claims under the ADA, in 1991 Congress enacted an amendment to the Civil Rights Act, 42 U.S.C. § 1981a(a)(2), which added further levels of legislative complexity to the search for remedies for violations of the anti-retaliation provisions of the ADA. Section 1981a(a)(2) expanded the remedies available to claimants under the ADA and provided for compensatory and punitive damages as remedies for certain types of

ADA lawsuits. However, the compensatory and punitive damage relief set forth in § 1981a(a)(2) for ADA claimants is narrowly defined in the following terms:

> In an action brought by a complaining party under the powers, remedies, and procedures set forth in [42 U.S.C.A. §§ 2000e-5 or 2000e-16] as provided in . . . the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] . . . , against a respondent who engaged in unlawful intentional discrimination . . . , under . . . section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of [42 U.S.C. § 12112(b)(5)], against an individual, the complaining party may recover compensatory and punitive damages . . . , from the respondent.

42 U.S.C.A. § 1981a(a)(2).

Thus, the 1991 amendments to the Civil Rights Act extended compensatory and punitive damages to certain ADA claimants, but expressly provided that these remedies were only available to those who brought claims under 42 U.S.C. § 12112, which forbids discrimination against the disabled and provides that: "[T]he term 'discriminate against a qualified individual on the basis of disability' includes–**(5)(A)** not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5). Yet, while § 1981a(a)(2) expressly provides for compensatory and

punitive damages in cases involving discrimination against the disabled and refusals to make reasonable accommodations to disabled employees, violations of 42 U.S.C. § 12112, notably absent from this amendment is any reference to the ant-discrimination provision of the ADA, 42 U.S.C. § 12203. Thus, Congress' 1991 expansion of these civil rights damages remedies does not, on its face, reach to ADA anti-retaliation claims.

It is hardly surprising that this legislative craftsmanship has inspired litigation regarding the proper scope of the remedies available in anti-retaliation claims brought under the ADA. Over the past ten years more than a dozen federal courts have considered this question, and have reached competing results construing the interplay of these various statutes.

At the outset, a significant number of cases have held that the anti-retaliation provisions of the ADA, 42 U.S.C. § 12203, do not authorize the award of compensatory and punitive damages. See, e.g., Kramer v. Banc of America Securities, LLC, 355 F.3d 961 (7th Cir. 2004); Bowles v. Carolina Cargo, Inc., 100 F. App'x 889 (4th Cir. 2004); Rhoads v. FDIC, 94 F. App'x 187 (4th Cir. 2004); Miles-Hickman v. David Powers Homes, Inc., 613 F.Supp.2d 872 (S.D.Tex. 2009); EEOC v. Faurecia Exhaust Systems, Inc., 601F. Supp.2d 971 (N.D.. Ohio 2008); Arredondo v. S2 Yachts, 496 F.Supp.2d 831, 836 (W.D.Mich. 2007); Ajuluchuku v. Bank of Am.

Corp., No. 3:06-CV-60, 2007 WL 952015, at *2 (W.D.N.C. Mar. 27, 2007) (unpublished); Baugher v. City of Ellensburg, No. 06-CV-3026, 2007 WL 585627, at *4 (E.D.Wash. Mar. 19, 2007) (unpublished); Ajuluchuku v. S. New England Sch. of Law, No. 1:05-MI-251, 2006 WL 2661232, at *19 (N.D.Ga. Sept.14, 2006) (unpublished); Shellenberger v. Summit Bancorp, Inc., No. 99-5001, 2006 WL 1531792, at *2-5 (E.D.Pa. June 2, 2006) (unpublished); Cantrell v. Nissan N. Am., Inc., No. 3:03-0082, 2006 WL 724549, at *1-2 (M.D.Tenn. Mar. 21, 2006) (unpublished); Santana v. Lehigh Valley Hosp. & Health Network, No. 05-CV-01496, 2005 WL 1941654, at *1-2 (E.D.Pa. Aug. 11, 2005) (unpublished); N.T. v. Espanola Pub. Schs., 2005 U.S. Dist. LEXIS 43667, at *38-39 (D.N.M. May 20, 2005) (unpublished); Sabbrese v. Lowe's Home Centers., Inc., 320 F.Supp.2d 311, 331 (W.D.Pa.2004); Sink v. Wal-Mart Stores, Inc., 147 F.Supp.2d 1085, 1100-01 (D.Kan.2001); Boe v. Allied Signal Inc., 131 F.Supp.2d 1197, 1202-03 (D.Kan.2001); Brown v. City of Lee's Summit, No. 98-CV-0438, 1999 WL 827768, at *2-4 (W.D. Mo. June 1, 1999). Indeed, within the past month, the United States Court of Appeals for the Ninth Circuit has joined those courts which have held that, "punitive and compensatory damages are not available for ADA retaliation claims." Alvarado v. Cajun Operating Company, No. 08-15549, 2009 WL 4724267 (9th Cir. Dec. 11, 2009).

These cases reach this result through a straightforward analysis of the language actually used by Congress in its various enactments in this field. Noting that this language originally limited remedies for violations of § 12203 to injunctive relief and back-pay, and observing that the 1991 amendments to the civil rights acts did not extend compensatory and punitive damages to anti-retaliation claims under the ADA, these courts have consistently held that:

> [T]he 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available. A close reading of the plain language of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA. Section 1981a(a)(2) permits recovery of compensatory and punitive damages (and thus expands the remedies available under § 2000e-5(g)(1)) only for those claims listed therein. With respect to the ADA, § 1981a(a)(2) only lists claims brought under §§ 12112 or 12112(b)(5). Because claims of retaliation under the ADA (§ 12203) are not listed, compensatory and punitive damages are not available for such claims. Instead, the remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in § 2000e-5(g)(1). See National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").

Kramer v. Banc of America Securities, LLC 355 F.3d 961, 965 (7th Cir. 2004)

In contrast, other courts have examined the same statutory text and found that it does authorize recovery of compensatory and punitive damages in ADA anti-

retaliation claims. For the most part, these cases, which favor expansion of such remedies, do so in one of two fashions.

First, several courts approve of such claims reflexively, affirming ADA anti-retaliation damage awards without any discussion, analysis or consideration of the literal language of the statutes, and the interplay between these various statutes. See, e.g., Foster v. Warner Entertainment Co., 250 F.3d 1189 (8th Cir. 2001); EEOC v. Walmart, 187 F.3d 1241 (10th Cir. 1999); Muller v. Costello, 187 F.3d 298 (2d Cir. 1999). These cases, which affirm such awards without any consideration of whether the statute permits recovery of damages, cast very little light on this discussion.

Other courts have sustained compensatory and punitive damage claims in ADA anti-retaliation cases in a more reflective fashion. See, e.g., Baker v. Windsor Republic Doors, 635 F.Supp.2d 765 (W.D. Tenn. 2009); Rumler v. Florida Dep't of Corrections, 546 F.Supp.2d 1334 (M.D. Fla. 2008); Kotewa v. Living Independence Network Corp., No. 05-426, 2007 WL 676681 (D. Idaho Mar. 1, 2007); Edwards v. Brookhaven Science Associates, LLC, 390 F.Supp.2d 225 (E.D.N.Y. 2005). These cases acknowledge the force of the literal textual analysis of those decisions which hold that § 12203 does not allow for damages, but advance a series of arguments grounded in legislative history, appellate court precedent and public policy favoring broad relief for civil rights litigants to assert that compensatory and punitive damages

are recoverable in ADA anti-retaliation claims. Id. However, in each instance, a central tenet to the legal analysis which leads to this result is a rejection of the literal meaning of the actual language used by Congress, along with a suggestion that Congress could not have meant what it appears to have said. See, e.g., Edwards, 390 F.Supp.2d at 235-6.

While there may be great force to these reflective arguments favoring damages claims under § 12203 as a matter of public policy, this analysis misconstrues the role of the courts. In matters of statutory interpretation our function is not to determine what the law should say; rather, we are obliged to fairly construe what the law, in fact, does say. Given the compelling conclusion that a textual analysis of the language actually used by Congress does not provide for the recovery of compensatory and punitive damages in anti-retaliation claims brought under 42 U.S.C. § 12203(a), we are constrained to recommend that the Court grant the motion to dismiss and strike these claims from the plaintiff's complaint. Yet, while we reach this result mindful that our role is to construe the law, and not write news laws, we do so noting that the observations which were made by another district court nine years ago when it rejected a similar argument remain equally trenchant today:

> The motion [for summary judgment denying a damages claim under the anti-retaliation provisions of the ADA] is granted as the statutory language and legislative history of the ADA simply do not support a

valid basis for a claim of compensatory and punitive damages for an ADA retaliation claim. See <u>Boe v. Allied Signal Inc</u>., 131 F.Supp.2d 1197, 1202-03 (D.Kan.2001); <u>Brown v. City of Lee's Summit</u>, No. 98-0438-CV-W-2, 1999 WL 827768, at *3-4 (W.D.Mo. June 1, 1999). While the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case when such damages are available in Title VII retaliation cases, the court is nonetheless confined to the construction of the statute. And while the court cannot say whether Congress intended such a rule or whether the rule is simply the result of an oversight by Congress, it is an issue that Congress should address.

<u>Sink v. Wal-Mart Stores, Inc</u>. 147 F.Supp.2d 1085, 1100-1 (D.Kan. 2001).

## IV. **RECOMMENDATION**

For the reasons set forth above, it is RECOMMENDED that the Court GRANT the defendant's motion for dismiss or strikes the plaintiff's claim for compensatory and punitive damages under the anti-retaliation provision of the Americans with Disabilities Act, 42 U.S.C. § 12203(a). (Doc. 9.)

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set

forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: January 5, 2010