# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS BAKER**, | : | **CIVIL ACTION NO. 1:09-CV-0428** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PPL CORPORATION**, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 29th day of January, 2010, upon consideration of the report of the magistrate judge (Doc. 26), recommending that the motion (Doc. 9) to dismiss and/or strike the complaint in part be granted, and recommending that plaintiff's claims for compensatory and punitive damages pursuant to the anti-retaliation provisions of the Americans with Disabilities Act ("ADA") be dismissed, and, following an independent review of the record, it appearing that the complaint in the above-captioned matter alleges that defendant's actions constituted unlawful discrimination and retaliation in violation of the ADA, 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. § 951 et seq., and that plaintiff sought, *inter alia*, compensatory and punitive damages, and it further appearing that plaintiff concurs with defendant's motion to dismiss and/or strike plaintiff's demand for punitive damages under the PHRA, and that the magistrate judge's report recommends that the court find, as a matter of statutory interpretation, that compensatory and punitive damages are not available under the anti-retaliation provisions of the ADA, and the court noting that

neither party has objected to the magistrate judge's report and recommendation,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 26) is ADOPTED.

2. The motion (Doc. 9) to dismiss and/or strike, in part, the complaint is GRANTED.

3. The demand for punitive damages which plaintiff brought pursuant to the PHRA is STRICKEN from the complaint. Plaintiff shall henceforth be precluded from seeking punitive damages pursuant to the PHRA.

---

[1] Objections were due by January 22, 2010. As of the date of this order, none have been filed.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. The demands for compensatory and punitive damages which plaintiff brought pursuant to the anti-retaliation provisions of the ADA are STRICKEN from the complaint. Plaintiff shall henceforth be precluded from seeking compensatory or punitive damages pursuant to the anti-retaliation provisions of the ADA.

5. The case is REMANDED to the magistrate judge for further proceedings.


                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge