IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS BAKER,** | : | Civil Action No. 1:09-CV-428 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PPL CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

I.  **Statement of Facts and of the Case**

This is an employment discrimination action brought by Douglas Baker against his employer, PPL Corporation. According to the Plaintiff's complaint, Baker was an electrician and plant equipment operator who has been employed by PPL, an energy company headquartered in Pennsylvania. (Doc. 1.) In 1999, and again in 2002, Baker suffered back injuries, injuries which he claims left him partially disabled. (Id. ¶¶ 20-22.) As a result of these back injuries Baker was forbidden by his physician from wearing steel-toed shoes, and working while standing on hard surfaces. (Id. ¶ 23.)

When Baker returned to work, he allegedly sought reasonable accommodations from PPL recognizing these disabilities. (Id.) According to the Plaintiff, PPL responded to this request by discriminating against him, and then retaliating against

him for seeking such accommodations in a variety of fashions. Baker's complaint alleges that these acts of discrimination and retaliation spanned many years and included denial of overtime opportunities, and reassignment to the menial task of doing laundry. (Id. ¶¶24-27.) Baker also claims that, after he made his reasonable accommodation request, he was informed that he would never be given overtime by his employer. (Id. ¶ 28.) Baker further contends that he has been denied consideration for other jobs, even though he is the most qualified candidate for those jobs. (Id. ¶¶29-35.)

Baker's complaint alleges that these acts by his employer, PPL, violate both the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (hereafter "ADA"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951 et seq. With respect to his claims under the ADA, Baker brings two separate causes of action, claiming that PPL's actions both constituted: (1) discrimination prohibited under federal law, and (2) acts of retaliation against the Plaintiff because of his assertion of rights guaranteed to him by law. As remedies for these alleged acts of employment discrimination and retaliation, Baker seeks wide-ranging injunctive relief, along with compensatory and punitive damages.

This case now comes before us on a dispute regarding the duration of a proposed deposition of the Plaintiff. PPL has filed a motion seeking leave of court to

conduct a deposition of greater than 7 hours in duration. (Doc. 50.) In support of this request, PPL cites the allegations made by Baker in his complaint, and the detailed and voluminous nature of Baker's proof in support of these allegations, as "good cause" justifying a deposition in excess of the 7 hour duration typically authorized under the Federal rules of Civil Procedure. Specifically, PPL alleges that Baker has been employed by PPL for approximately 28 years. Over these three decades Baker has amassed an extensive, and voluminously documented work and medical history, which includes several thousand pages of documents produced by Baker. (Id.) Among these voluminous materials, Baker has provided several hundred pages of a journal, which describe his life and experiences at PPL on an almost daily basis. In addition to the voluminous factual discovery obtained directly from the Plaintiff, PPL has also obtained, via subpoena, detailed medical records from 8 separate care-givers who have treated Mr. Baker for various physical and psychological ailments, and which contain information relevant to the legal and medical issues in this case. Thus, in PPL's view the Baker's allegations are factually quite complex.

Beyond the factual complexity of the case, PPL alleges that the Plaintiff's approach to the legal issues in this litigation–which entails allegations that, since at least 2003, PPL has failed to accommodate his alleged disability and subjected him to discrimination on an almost daily basis–compels a lengthy deposition of the

Plaintiff. For example, with regard to his medical treatment records, Baker has alleged that he suffers from physical impairments which substantially limit him in major life activities. Accordingly, PPL asserts that it will be necessary in any deposition to review Baker's extensive medical history and treatment records in detail, to ascertain the effect of these alleged impairments on his life activities. In addition, with respect to his claimed emotional injuries, Baker alleges that he has suffered significant emotional distress in connection with his experiences at PPL. These allegations, in PPL's view, also compel a detailed review of Baker's psycho-therapeutic treatment records and history. Given the legal and factual complexity of this matter, PPL asserts that a deposition of Baker will entail more than 7 hours of testimony and states that: "PPL reasonably anticipates that Mr. Baker's deposition will take, at a minimum, two (2) full days, or fourteen (14) hours, to complete. PPL does not anticipate, however, that Mr. Baker's deposition will exceed three (3) days, or twenty-one (21) hours." (Id., n.1, p.2.)

Baker opposes this request. (Doc. 51.) Baker's opposition seems to be grounded, in part, on precisely the same factual considerations which inspire PPL to make this request. Citing Baker's extensive medical and psychiatric history, and his current physical and psychological fragility, Baker urges the Court to reject this request and limit the duration of this deposition to no more than 7 hours.

For the reasons set forth below, PPL's motion will be granted, in part, and denied, in part, and the Court will authorize a deposition of the Plaintiff of no more than 14 hours in duration.

## II.  Discussion

Rule 30(d)(1) of the Federal Rules of Civil Procedure governs the duration of discovery depositions, and provides as follows:

> **(d) Duration; Sanction; Motion to Terminate or Limit.**
>
> **(1) *Duration.*** Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed .R. Civ. P. 30(d)(1).

Rule 26(b)(2) of the Federal Rules of Civil Procedure, in turn, provides that: "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2).

Issues relating to the scope of discovery permitted under the rules rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v.</u>

5

I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on requests to alter the duration of depositions. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary matter such as the need for extended time to conduct a deposition, "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In this case, the informed exercise of our discretion requires us to acknowledge two countervailing concerns driven by the Plaintiff's extensive and prolonged medical and mental health history. At the outset, this history is plainly relevant to the Plaintiff's claims, and is clearly, therefore, a legitimate topic for careful and detailed

inquiry by the Defendants, who must be provided an adequate opportunity to defend the allegations leveled against them by Baker. Indeed, where, as here, a deposition entails examination of allegations spanning many years, and involves consideration of thousands of pages of written material, courts have held that the proper exercise of discretion under Rule 30(d)(1) is to extend the duration of a deposition beyond the 7 hour limit generally prescribed by the rule. In re Intel Corp. Microprocessor Antitrust Litigation, No. 05-1717, 2008 WL 53377979 (D.Del. Dec. 18, 2008)(authorizing 14 and 15 hour depositions in case where testimony spans events covering 8 years, and entails review of thousands of pages of material). On the other hand, the very nature of the complex and detailed, physical and emotional history of the Plaintiff suggests that the Plaintiff has a fragility which must also be recognized, and respected, in setting a deposition schedule in this case.

Acknowledging and carefully weighing, these countervailing considerations, we conclude that the correct balance of these competing interests requires an extension of the deposition duration, albeit an extension that is less than that envisioned by the Defendants in their motion, which stated that: "Mr. Baker's deposition will take, at a minimum, two (2) full days, or fourteen (14) hours, to complete. PPL does not anticipate, however, that Mr. Baker's deposition will exceed three (3) days, or twenty-one (21) hours." (Id., n.1, p.2.) Rather than setting 14 hours

as the minimum duration of the deposition, as proposed by PPL, we will prescribe 14 hours as the maximum extended duration of the deposition. In prescribing this extended time limit for the deposition we recognize PPL's need to engage in a thorough colloquy with Baker regarding his multi-faceted claims and allegations. We reconcile that need on the part of the Defendant with the Plaintiff's legitimate concerns regarding his physical and emotional health. Moreover, by prescribing a deposition duration of 14 hours, which is in accord with the extended deposition durations set in the Intel Corp. Microprocessor Anti-trust Litigation, we are confident that we allow PPL adequate time to fully explore the factual and legal issues that lie at the heart of this employment discrimination case.

### III.  Conclusion

Accordingly, for the foregoing reasons, the Defendant's Motion to Exceed Seven (7) Hours of Deposition Time, (Doc. 50), is GRANTED in part and DENIED in part as follows: The Defendant is granted leave to conduct a deposition of the Plaintiff of a duration of no more than 14 hours.

So ordered this 12th day of May, 2011.

                                          *S/Martin C. Carlson*
                                          Martin C. Carlson
                                          United States Magistrate Judge